IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTHONY CRAWFORD, JONESY BLACKMON and R.L. | ) ) ) ) | PLAINTIFFS DEMAND TRIAL BY JURY |
| *Plaintiffs,* | ) | |
| v. | ) ) | Case No. |
| JOHN WEHMHOFF and the VILLAGE OF CHATHAM | ) ) | Judge |
| *Defendants*. | ) | Magistrate |

## COMPLAINT AT LAW

NOW COME Plaintiffs ANTHONY CRAWFORD, JONESY BLACKMON and R.L. by and through their attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, and complaining against Defendants JOHN WEHMHOFF and the VILLAGE OF CHATHAM, state as follows:

### JURISDICTION

1.  This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, and the Fourth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3).

### VENUE

2.  Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

3.  Upon belief, the sole individual defendant resides in the State of Illinois and the Central District of Illinois.

4.  The events giving rise to the claim involved in this cause occurred in the Central District of Illinois.

## PARTIES

5. Plaintiff CRAWFORD is a resident of Sangamon County, Illinois in the Central District of Illinois.

6. Plaintiff BLACKMON is a resident of Sangamon County, Illinois in the Central District of Illinois.

7. Plaintiff R.L., a minor, is a resident of Sangamon County, Illinois in the Central District of Illinois.

8. Defendant WEHMHOFF was, at all times relevant to this action, employed by the VILLAGE OF CHATHAM as a police officer. He is sued in his individual capacity.

9. Defendant VILLAGE OF CHATHAM is a governmental subdivision located in the Central District of Illinois.

## FACTS

10. On April 24, 2009, Plaintiffs drove from Springfield, Illinois to Chatham, Illinois to meet some young women.

11. Defendant WEHMHOFF curbed Plaintiffs' car near the intersection of Walnut and College streets, effecting a routine traffic stop.

12. Defendant WEHMHOFF ordered Plaintiffs to put their hands outside of the car.

13. Each Plaintiff obeyed the command of defendant WEHMHOFF.

14. Defendant WEHMHOFF ordered the driver, Plaintiff CRAWFORD, to open his door and step out of the vehicle.

15. While Plaintiff CRAWFORD complied, Defendant WEHMHOFF fired at and through Plaintiffs' vehicle several times, shattering glass onto Plaintiff BLACKMON and causing cuts and bruises to both Plaintiffs R.L. and CRAWFORD as each plaintiff dove to the

floor.

16. Plaintiff CRAWFORD drove from the scene as Defendant WEHMHOFF continued to fire at the vehicle.

17. After a chase, Plaintiff CRAWFORD stopped the vehicle, the three plaintiffs got out, and lay spread-eagled on the ground so law enforcement would have less excuse for shooting at them again.

## COUNT I
## EXCESSIVE FORCE AGAINST Defendant WEHMHOFF

18. Plaintiffs restate and reallege all the statements made in paragraphs 1-17 as if fully stated herein.

19. On April 24, 2009, Defendant maliciously and unreasonably used deadly force against Plaintiffs, firing his sidearm at them without justification.

20. Defendant's excessive force caused severe mental and physical trauma.

WHEREFORE, Plaintiffs demand from defendant WEHMHOFF the following:

a) Compensatory damages in an amount not less than $900,000;
b) punitive damages;
c) attorneys' fees, pursuant to 42 U.S.C. § 1988;
d) any other relief this Court deems just and necessary.

## COUNT II
## UNREASONABLE SEARCH AND SEARCH AGAINST Defendant WEHMHOFF

21. Plaintiffs restate and reallege all the statements made in paragraphs 1-20 as though fully stated herein.

22. On April 24, 2009, defendant WEHMHOFF pulled Plaintiffs over on a routine

traffic stop along Route 4 in Chatham, Illinois.

23.     Defendant WEHMHOFF got out of his squad, pulled his sidearm from his holster, and pointed it in the direction of Plaintiffs as he approached their car.

24.     Although Plaintiffs obeyed Defendant's commands, and Defendant knew that Plaintiffs were not a real threat to his safety or that of anyone else, defendant WEHMHOFF fired several shots at Plaintiffs.

25.     Defendant WEHMHOFF's conduct caused each Plaintiff severe emotional and physical harm.

WHEREFORE, Plaintiffs demand from defendant WEHMHOFF the following:

a)  Compensatory damages in an amount not less than $900,000;
b)  punitive damages;
c)  attorneys' fees, pursuant to 42 U.S.C. § 1988;
d)  any other relief this Court deems just and necessary.

### COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER ILLINOIS LAW

26.     Plaintiffs restate and reallege all the statements made in paragraphs 1-25 as though fully set forth herein.

27.     Defendant WEHMHOFF intentionally engaged in extreme and outrageous behavior against the plaintiffs, including, but not limited to, unjustifiably shooting at Plaintiffs.

28.     Defendant WEHMHOFF is also liable for this intentional infliction of emotional distress because it was proximately caused by his actions as set forth above.

29.     Defendant's outrageous behavior directly caused the plaintiffs to suffer severe emotional distress including anxiety, fear, anger, depression and humiliation.

WHEREFORE, Plaintiffs demand from defendant WEHMHOFF the following:

    a)     Compensatory damages in an amount not less than $1,500,000;
    b)     punitive damages;
    c)     attorneys' fees, pursuant to 42 U.S.C. § 1988;
    d)     any other relief this Court deems just and necessary.

## COUNT IV
## ASSAULT AND BATTERY UNDER ILLINOIS LAW

30. Plaintiffs restate and reallege all the statements made in paragraphs 1-29 as though fully set forth herein.

31. On April 24, 2009, Defendant WEHMHOFF pulled his sidearm and pointed it at Plaintiffs, who reasonably believed that he had the imminent ability to effect a battery.

32. Defendant WEHMHOFF did in fact fire his sidearm at the Plaintiffs, causing bullets to whiz by, breaking glass and forcing Plaintiffs to dive to the floor of the car.

33. At no time did Plaintiffs consent to being assaulted and battered by Defendant WEHMHOFF.

34. As a result of this assault and battery, Plaintiffs suffered extreme physical and emotional harm.

WHEREFORE, Plaintiffs demand from defendant WEHMHOFF the following:

    a)     Compensatory damages in an amount not less than $900,000;
    b)     punitive damages;
    c)     attorneys' fees, pursuant to 42 U.S.C. § 1988;
    d)     any other relief this Court deems just and necessary.

## COUNT V
## 745 ILCS 10/9-102 CLAIM AGAINST THE VILLAGE OF CHATHAM

35. Plaintiffs restate and reallege all the statements made in paragraphs 1-34 as though fully set forth herein.

36. Defendant VILLAGE OF CHATHAM was, at all times material to this complaint, the employer for defendant WEHMHOFF.

37. Defendant JOHN WEHMHOFF committed the acts alleged above in the scope of his employment as an employee of the VILLAGE OF CHATHAM.

WHEREFORE, pursuant to 745 ILCS 10/9-102, Plaintiff demands judgment against the employer Defendant named in this Count in the amount awarded to the Plaintiff and against the employee Defendants by way of judgment or settlement, including any and all amounts awarded for damages and costs.

Respectfully submitted,

/s/ Scott T. Kamin
Attorney for Plaintiff

Scott T. Kamin
Law Offices of Scott T. Kamin
53 W. Jackson Blvd.
Suite 1028
Chicago, IL  60604
(312) 322-0077
IL Attorney No.: 6226855